**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTIAN REYES | Criminal Action No. 14-562 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Defendant Christian Reyes's ("Reyes") Request for Early Termination of Supervised Release. (ECF No. 24.) The United States of America (the "Government") opposed (ECF No. 23), and Reyes did not file a reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which is applicable to criminal cases under Local Criminal Rule 1.1. For the reasons set forth below, the Court denies Reyes's Motion for Early Termination of Supervised Release.

**I.    BACKGROUND**

On September 25, 2014, Reyes pled guilty to a one-count information charging him with conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. (*See generally* Information, ECF No. 11; Plea Agr. 1, ECF No. 14.) The Government charged Reyes for his role in trafficking cocaine between Puerto Rico and the east coast of the United States. (PSR ¶ 32.) The Honorable Mary L. Cooper sentenced Reyes in January 2015 to 72 months' imprisonment and ordered a special assessment of $100. (J. 1, ECF No. 17.) As relevant here, the sentencing court also imposed a term of five years' supervised release, which entailed periodic drug testing and limitations on the use of alcohol, to begin upon Reyes's release from incarceration.

(*Id.* at 3.) Reyes was released from custody of the Bureau of Prisons on April 27, 2018. (Def.'s Mot., ECF No. 24.)

To date, Reyes has completed over three-and-a-half years of his supervised release with just over one year remaining. On July 19, 2021, Reyes submitted correspondence to the Court "request[ing] that the Court grant [him] early termination." (*Id.*)[1] He currently resides in Florida and reports that he has "complied with all of the imposed conditions" of his supervision and maintains "stable and gainful employment" while "living a productive lifestyle." (*Id.*) Reyes highlights his successful employment with Acme Glass since 2018. (*Id.*) Based on these positive developments, Reyes requests that the Court grant early termination.

The Government opposes Reyes's motion. (*See generally* Gov't's Opp'n Br., ECF No. 23.) In doing so, the Government does not dispute any of the positive developments Reyes raises in his correspondence but argues that he fails to meet his burden of demonstrating that early termination is warranted. (*Id.* at 2-3.) According to the Government, the nature of Reyes's offenses, his criminal history, and the lack of any change in circumstances, collectively, fall short of warranting early termination. (*Id.* at 2-5.)

## II. **LEGAL STANDARD**

The Court may terminate a term of supervised release before its expiration under 18 U.S.C. § 3583(e). In relevant part, the statute reads as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

---

[1] Although Reyes addressed his correspondence to Judge Cooper (ECF Nos. 18, 24), this matter was reassigned to the undersigned (ECF No. 19). Reyes submitted nearly identical requests for early termination to the Court in September 2020 and July 2021, and Reyes's most recent correspondence will serve as the operative motion. (*Compare* ECF No. 18, *with* ECF No. 24.) Finding no substantive variations in Reyes's multiple requests for early termination, the Court will construe the Government's opposition submitted in response to Reyes's September 2020 correspondence (ECF No. 23), as also addressing the merits of the operative motion.

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). As is routine in dealing with the modification of a defendant's sentence, the statute directs the Court to consider the 18 U.S.C. § 3553(a) factors.[2] In deciding whether to terminate supervision early, the Court has broad discretion under § 3583(e). *See United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

After considering the § 3553(a) factors and present circumstances of a defendant, district courts may grant early termination only if satisfied that it is "warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52. District courts need not make express findings for each § 3553(a) factor; "rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Id.* at 53 (alteration in original) (quoting *United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003)). Further, as the Third Circuit clarified, the Court

---

[2] The § 3553(a) sentencing factors are (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing ranges established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *see also United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018).

need not find an exceptional or extraordinary circumstance to grant early termination. *Id.* Nor is it a requirement that the defendant present a new or unforeseen occurrence that arose since the original sentencing. *Id.* "In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such termination." *Id.* Generally, however, because the imposition of an original sentence should be "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), it follows that early termination of supervision should be prompted by a "new or unforeseen circumstance." *Davies*, 746 F. App'x at 89. Conversely, a defendant's routine compliance with the terms of supervision, although "commendable," "is precisely what is expected of [a defendant]." *United States v. Stiso*, No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021).

### III. DISCUSSION

As a preliminary note, Reyes appears to be doing well since being released from custody of the Bureau of Prisons. Reyes has complied with the conditions of his supervised release and holds a steady job, as the Government acknowledges. (Gov't's Opp'n Br. 2.) It is on these bases that Reyes asks the Court to terminate his supervision early. (Def.'s Mot. 1.)

The Government opposes early termination and urges the Court to deny Reyes's motion. The Government emphasizes that early termination is generally only proper when new or unforeseen circumstances warrant it, and Reyes bears the burden of persuasion. (Gov't's Opp'n Br. 3-4 (quoting *Melvin*, 978 F.3d at 52).) In the Government's view, the serious nature of Reyes's offenses, his criminal history, the safety of the public, and the absence of any changes to his circumstances weigh against early termination. (*Id.*) Compliance with the conditions of supervised release alone, the Government stresses, falls short of providing a compelling reason to terminate supervision early. (*Id.*) Moreover, it argues that Reyes's post-incarceration success is evidence that supervised release benefits him, further counseling against early termination. (*Id.* at 4-5.)

The Court concludes that early termination of supervised release is not warranted. *First*, the Court finds that the § 3553(a) factors weigh against granting early termination. Reyes's conduct was serious. He conspired with others to distribute cocaine and acted as a supplier throughout the east coast of the United States. (PSR ¶ 34.) As part of his plea deal, Reyes stipulated that he trafficked in large quantities of narcotics. (*See id.* ¶ 108; Plea Agr.) Although Reyes accepted responsibility by pleading guilty, he was sentenced on the lower end of the Guidelines range and received the benefit of stipulating to a lower drug quantity as part of his plea agreement. (*Id.* ¶¶ 158, 175.) The Court finds, therefore, that any additional reduction in Reyes's sentence may create a disparity among other similarly situated defendants. *United States v. Louie*, No. 10-150, 2011 WL 601276, at *3 (D.N.J. Feb. 16, 2011) (terminating supervision early would "increase the disparity of sentences between this [defendant] and his co-conspirators convicted of similar crimes."). In sum, a holistic review of the § 3553(a) factors weigh against granting early termination.

*Second*, after considering the sentencing factors, § 3583(e) provides that district courts "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)). Reyes's support for early termination rests solely on his compliance with the terms of his release and stable employment. (*See generally* Def.'s Mot.) While commendable, Reyes's proffered reasons fall short of meeting his burden of showing that early termination is warranted. *See Stiso*, 2021 WL 1291648, at *3 (declining to terminate defendant's supervised release where defendant provided no other reason than compliance with conditions of his supervision). His success in complying with the mandatory terms of his supervised release "is precisely what is expected of him." *Id.*

*Finally*, the interests of justice do not mandate early termination. Reyes fails to raise any undue hardship or burden that arises from his supervised release. Nor does he point to any change in circumstance that warrants deviation from his current conditions. Although the Court acknowledges that Reyes is close to completing his five-year term of supervised release, without more, "the Court remains satisfied that upon [sentencing], the imposition of [Reyes]'s sentence was appropriate 'in that it was sufficient but not greater than necessary to achieve the sentencing goals outlined in § 3553(a).'" *Stiso*, 2021 WL 1291648, at *2 (quoting *United States v. Ferriero*, No. 13-0592, 2020 WL 6701469, at *3 (D.N.J. Nov. 13, 2020)).

### IV. <u>CONCLUSION</u>

After careful consideration of Reyes's motion and the relevant statutes, the Court concludes that early termination is unwarranted. The Court thus declines to exercise its discretion to terminate the remainder of Reyes's supervised release early and denies Reyes's motion. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE